OPINION
{¶ 1} Arlie Venters was convicted by the court following a bench trial of one count of Domestic Violence and was appropriately sentenced. He has timely filed an appeal, assigning as error that the conviction was against the manifest weight of the evidence.
 {¶ 2} When a conviction is challenged on appeal as being against the manifest weight of the evidence, we must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Thompkins (1997), 78 Ohio St.3d 380, 387, citing State v. Martin (1983), 20 Ohio App.3d 172, 175. Because the trier of fact sees and hears the witnesses and is particularly competent to decide "whether, and to what extent, to credit the testimony of particular witnesses," we must afford substantial deference to its determinations of credibility. State v. Lawson (Aug. 22, 1997), Montgomery App. No. 16288, unreported. A judgment should be reversed as being against the manifest weight of the evidence only in exceptional circumstances. Martin, supra, at 175.
 {¶ 3} At the bench trial, Christen Mikeal (called Tina by the defendant), testified that she lived with the defendant as man and wife. The defendant later testified that their agreement was that he would marry her as soon as she obtained her divorce, and that she was still married and has been married four times. (Tr. 37). He also testified that he has served time in prison for a previous domestic violence conviction (Tr. 43), and he further admitted that he had attacked her physically twice before, but only one case went to trial. (Tr. 47).
 {¶ 4} Tina testified that they started arguing Friday night (they both gave different reasons for what the argument was about, but that is not relevant here) when he grabbed her and threw her down on the floor and then proceeded to choke her "and he covered my nose and my mouth up and I couldn't breathe and I bit his finger to get him off me. It worked real well." (Tr. 9). He testified that she bit his right hand "to the bone." (Tr. 41).
 {¶ 5} Defendant then apparently left the house, returning about 5:30 a.m. Saturday morning and fell asleep. He was awakened at 10:30 a.m. when Tina's boss called asking about her as Tina was due to work that day. Tina testified that the defendant wouldn't let her talk to her boss, and she therefore crossed the street and called her boss, who inquired about what was happening, and upon learning of the violent altercation said that she, Tina's boss, would call the police, which she did.
 {¶ 6} For his part, the defendant testified that he never did what Tina described, including biting her, but he did admit to holding his hands over her mouth. (Tr. 45-50).
 {¶ 7} Both parties had been drinking and Officer Jeffrey Lour of the Dayton Police, who answered the call, testified that they were both still drunk when the police arrived at their residence. Officer Lour saw a bruise below her left eye and scratches on her face (Tr. 31) and photographs of her face showing contusions and scratches were admitted into evidence. (Tr. 36).
 {¶ 8} During closing arguments, both the state and the defense admitted that the whole case was one about credibility. Here again we have the classic case of a trial court having to choose between two conflicting sets of testimony. As we stated earlier, we must afford substantial deference to a trial court's determination of credibility.Lawson, supra.
 {¶ 9} It is settled law that credibility is for the trier of the facts and "where there exists competent and credible evidence supporting the findings and conclusions of the trial court, deference to such findings and conclusions must be given by the reviewing court." Myers v.Garson (1993), 66 Ohio St.3d 610, 614. As the Supreme Court of Ohio observed in Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, at 80: "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Such deference is particularly important in light of research that indicates that as much as "ninety percent of the total meaning of testimony is interpreted through non-verbal behavior, such as voice inflection, hand gestures, and the overall visual demeanor of the witness. The witness' choice of words accounts for only ten percent of the meaning of their testimony." State v. Evans (1993),67 Ohio St.3d 405, 410-411.
 {¶ 10} The Supreme Court of Ohio has stated: "[w]here reasonable minds can reach different conclusions upon conflicting evidence, determination as to what occurred is a question for the trier of fact."State v. Jenks (1991), 61 Ohio St.3d 259, 279. Moreover, a credibility call between conflicting testimony rests solely with the finder of fact and an appellate court may not substitute its judgment for that of the finder of fact. State v. Awan (1986), 22 Ohio St.3d 120, 123. The assignment of error that the conviction is against the manifest weight of the evidence is overruled.
 {¶ 11} The judgment is affirmed.
BROGAN, J. and GRADY, J., concur.